UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

v.                                          Crim. Action No. 5:14-cr-29

Lee Jay Manning


## REPORT AND RECOMMENDATION
(Doc. 50)

Lee Jay Manning, proceeding through counsel, has moved pursuant to 28 U.S.C.

§ 2255 to vacate and correct the sentence imposed on him following his plea of guilty to

one count of engaging in a Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)

(Count One), and one count of possessing a firearm in furtherance of a crime of violence,

in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).  (Doc. 49.)  Chief United States

District Court Judge Christina Reiss sentenced Manning to a term of 16 months'

imprisonment for Count One and a term of 60 months' imprisonment for Count Two, to

be served consecutively for a combined sentence of 76 months.  (Docs. 19 at 2, 48.)

Manning seeks to vacate the 60-month sentence imposed on him for the § 924(c)

violation charged in Count Two.  (Doc. 50.)  He contends that the Hobbs Act robbery, the

predicate crime underlying Count Two, does not constitute a "crime of violence" as that

term is defined in § 924(c)(3)(A), and that the definition in § 924(c)(3)(B) is

unconstitutionally vague.  (*Id.* at 1.)  The government opposes Manning's Motion,

asserting that the United States Court of Appeals for the Second Circuit's recent decision

in *United States v. Hill*, No. 14-3872-cr, 2016 WL 4120667 (2d Cir. Aug. 3, 2016)

forecloses Manning's contentions.  (Doc. 53.)  In *Hill*, the Court of Appeals held that

Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)

because it necessitates the application of some type of force, including indirect harm or

threats.  *Hill*, 2016 WL 4120667, at *6–7.  The Court of Appeals also held that §

924(c)(3)(B), defining a crime of violence as one that inherently entails the risk of

physical force, is not unconstitutionally vague.  *Id.* at *7–12.

     For the reasons set forth below, I recommend that Manning's § 2255 Motion

(Doc.  50) be DENIED.

<u>**Background**</u>

**I.**    **Preliminary Proceedings and Plea Agreement**

     On February 20, 2014, Manning was indicted in this district by a Grand Jury in a

three count Indictment.  (Doc. 8.)  Count One charged Manning with robbing "the

Cumberland Farms gasoline station and convenience store, located in Barre, Vermont," in

violation of 18 U.S.C. § 1951.  (*Id.* at 1.)  Count Two charged Manning with "knowingly

possess[ing] a firearm . . . in furtherance of a crime of violence," in violation of 18 U.S.C.

§ 924(c)(1)(A)(i).  (*Id.* at 3.)  Count Three charged Manning with possessing a firearm

after "having been previously convicted of an offense punishable by imprisonment for a

term exceeding one year," in violation of 18 U.S.C. § 922(g)(1).  (*Id.* at 4.)

     With benefit of counsel, Manning entered into a Plea Agreement on November 12,

2014, wherein Manning agreed to plead guilty to Counts One and Two of the Indictment.

(Doc. 30.)  Chief Judge Reiss accepted Manning's guilty plea and the Plea Agreement in

proceedings held on November 25, 2014.  (Doc. 35.)

## II.     The Presentence Report

The final presentence investigation report (PSR) was submitted to the court on March 27, 2015.  (PSR at 2.)  It concluded that Manning faced an advisory Sentencing Guidelines imprisonment range of 30 to 37 months on Count One, and a mandatory minimum term of 60 months in prison on Count Two, to run consecutively to the sentence imposed on Count One.  (*Id.* at 21.)

Manning's advisory Sentencing Guidelines range was calculated as follows: Manning's base level offense was 20 pursuant to United States Sentencing Guidelines (USSG) § 2B3.1.  (*Id.* at 20, ¶ 19.)  Manning's offense level was then reduced three levels because Manning had manifested an acceptance of responsibility for the offenses pursuant to USSG §§ 3E1.1(a) and (b).  (*Id.* at 8, ¶¶ 26–28.)  Manning's past criminal convictions resulted in a total of six criminal history points, which placed him in Criminal History Category (CHC) III.  (*Id.* at 15, ¶ 42.)  The guideline imprisonment range for a total offense level of 17 and a CHC of III is 30 to 37 months.  (*Id.* at 21, ¶ 75.)  Count Two by statute carries a statutory minimum imprisonment term of five years (60 months) which must be imposed to run consecutively to any other term of imprisonment imposed.  (*Id.* at ¶¶ 74–75; 18 U.S.C. § 924(c)(1)(D)(ii).)  This resulted in a "combined guideline range [of] 90 to 97 months."  (*Id.* at ¶ 75.)

## III.     Sentencing

Manning filed a Sentencing Memorandum and Motion for Downward Departure and/or Variance on March 31, 2015.  (Doc. 44.)  Manning argued that a downward departure was warranted because his "criminal history and mental conditions that

contributed to his commission of this offense," were overstated.  (*Id.* at 12.)  At the sentencing, the court found this argument unpersuasive and denied Manning's Motion for a Downward Departure.  (Doc. 48.)  The court, however, granted Manning's Motion for a Variance, and imposed the 76-month term.  (*Id.*)  The judgment was entered on April 10, 2015.  (Doc. 49.)

**Discussion**

A federal prisoner may collaterally attack his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  Manning "bears the burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 Motion."  *United States v. Richardson*, Crim. No. 5:14-cr-45, 2016 WL 2905525, at *4 (D. Vt. Mar. 28, 2016), *report and recommendation adopted*, 2016 WL 2851548, (citing *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000)).

Manning filed a Motion to Vacate his Sentence Under 28 U.S.C. § 2255 on June 27, 2016.  (Doc. 50.)  He seeks vacatur of Count Two, asserting that Count Two "does not state an offense" because "the Hobbs Act robbery charge in Count One underlying the Count Two firearm charge . . ." does not qualify as a "crime of violence" under either 18 U.S.C. §§ 924(c)(3)(A) or (B).  (*Id.* at 1, 2.)  First, Manning argues that Hobbs Act robbery "categorically fails to qualify as a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A)," which is commonly referred to as the statute's "force clause," because Hobbs Act robbery does not require the use of "violent force."  (*Id.* at 1, 7.)  Second, he argues that Hobbs Act robbery is not a crime of violence under "the residual

clause [(also referred to as the 'risk-of-force clause')] of § 924(c)(3)(B)," because that clause, "is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015) [hereinafter *Johnson II*]." (*Id.* at 1–2.) Ultimately, Manning's contentions are barred by the Court of Appeals' holding in *Hill*.

The term "crime of violence" is defined in 18 U.S.C. §§ 924(c)(3)(A) and (B) as follows:

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. §§ 924(c)(3)(A)–(B).

Hobbs Act robbery is defined, in relevant part, as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1). Manning, like the petitioner in *Hill*, argues that a Hobbs Act robbery is not a crime of violence, "because it can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of 'violent force.'" (Doc. 50 at 5–6); *Hill*, 2016 WL 4120667, at *4–5.

The Court of Appeals in *Hill* rejected this argument, stating that "[s]ome threats do not require specification of any particular means in order to be effective; yet they still

threaten *some* type of violence and the application of *some* force."[1]  *Hill*, 2016 WL 4120667, at \*6 (citing *United States v. Castleman*, 134 S. Ct. 1405, 1414–15 (2014) (holding that "the common-law concept of 'force' encompasses even its indirect application")).  The Court of Appeals held that Hobbs Act robbery is a crime of violence, including even indirect harm or threats.  *Id.* at \*6–7.  Manning's first argument is foreclosed by *Hill*.

Manning next argues that Hobbs Act robbery does not constitute a crime of violence under the risk-of-force clause, because that clause is unconstitutionally vague. (Doc. 50 at 8.)  Manning contends that § 924(c)(3)(B) "suffers from the same flaws that compelled the Supreme Court to declare the [Armed Career Criminal Act (ACCA)] residual clause void for vagueness" in *Johnson II*.  (*Id.*)  Manning was neither charged with, nor convicted of, § 924(e)(2)(B)(ii) of the ACCA at issue in *Johnson II*.  Rather, Manning was convicted of violating § 924(c)(1)(A)(i) for possessing a firearm in furtherance of a crime of violence.  (Doc. 49.)  Furthermore, the Court of Appeals in *Hill* rejected the comparison of § 924(c) to the ACCA, holding that the risk-of-force clause in § 924(c) does not suffer from the same "double-layered uncertainty embedded in the [] operation . . ." of the § 924(e) residual clause.  *Hill*, 2016 WL 4120667, at \*8.  The ACCA residual clause defined a "violent felony" as a felony that "is burglary, arson, or

---

[1]  The Court of Appeals also noted that "[t]o show that a particular reading of the statute is realistic, a defendant 'must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues.'"  *Hill*, 2016 WL 4120667, at \*4 (second and third alterations in original) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).  The court concluded that Hill did not meet this requirement because he could not identify a case where a court applied Hobbs Act robbery to conduct lacking any indication of violent force.  *Id.* at \*6.  Manning, offering similar hypotheticals, also fails to do so.  (*See* Doc. 50 at 6–7.)

extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  The Supreme Court took issue with the ambiguous meaning of "potential risk of physical injury," as compared to the risk posed by the four enumerated, and seemingly unrelated, crimes in the same subsection.  *Hill*, 2016 WL 4120667, at *8. (citing *Johnson II*, 135 S. Ct. at 2557).  As the court explained in *Hill*, the risk-of-force clause in § 924(c) at issue here is not made similarly vague by a "mystifying list" of four distinct crimes, with uncertain commonalities and "indeterminate . . . phraseology."  *Hill*, 2016 WL 4120667, at *9 (citing *Johnson II*, 135 S. Ct. at 2557–60, 2561).  Additionally, the Court of Appeals noted that the terminology from the two subsections is materially distinct and that the "risk-of-force" language from § 924(c) is narrower and easier to construe than the "potential risk of physical injury" phrasing of § 924(e)(2)(B)(ii).  The Court of Appeals thus held that the Supreme Court's void-for-vagueness holding in *Johnson II* was "inapplicable to the risk-of-force clause" in § 924(c).  *Id.* at *8.  This holding forecloses Manning's second argument.

## Conclusion

Based on the foregoing, I recommend Manning's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. 50) be DENIED.

Dated at Burlington, in the District of Vermont, this 19th of September, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).