UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 MAR -8  PM 4:28

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Case No. 5:14-cr-29 |
| | ) |
| LEE JAY MANNING | ) |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO VACATE SENTENCE**
(Docs. 50 & 55)

This matter came before the court for a review of the Magistrate Judge's September 19, 2016 Report and Recommendation ("R & R") (Doc. 55), in which the Magistrate Judge recommended that the court deny Defendant Lee Jay Manning's 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 50.) In his motion, Defendant, proceeding through counsel, seeks a reduction of his 76 month sentence on the grounds that a Hobbs Act robbery, which is the predicate crime underlying his conviction on Count Two, does not constitute a "crime of violence" as defined in 18 U.S.C. § 924(c)(3)(A), and that the definition in § 924(c)(3)(B) is unconstitutionally vague. Although he concedes that his claims are barred by recent Second Circuit precedent, *see United States v. Hill*, 832 F.3d 135 (2016), Defendant objects to the R & R and contends "that *Hill* was decided incorrectly[,]" and thus "he files [his] objection and request for review to preserve this issue for further appellate review." (Doc. 56 at 2.)

**I.      Factual and Procedural Background.**

On February 20, 2014, Defendant was charged in a three count Indictment with robbing a gas station and convenience store in Barre, Vermont, in violation of 18 U.S.C. § 1951 (Count I); "knowingly possess[ing] a firearm[] . . . in furtherance of a crime of violence[,]" in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count II); and possessing a firearm after "having been previously convicted of an offense punishable by

imprisonment of a term exceeding one year[,]" in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count III). (Doc. 8.) On November 25, 2014, the court accepted Defendant's guilty pleas to Counts I and II of the Indictment.

On March 27, 2015, the final Presentence Investigation Report ("PSR") was distributed to the court and the parties. The PSR concluded that Defendant faced an advisory Sentencing Guidelines imprisonment range of 30 to 37 months on Count One, and a mandatory minimum term of 60 months imprisonment on Count II, to run consecutively. Defendant's combined Guidelines range was thus 90 to 97 months. On April 10, 2015, the court imposed a below-Guidelines sentence of 16 months imprisonment on Count I, to run consecutive to a term of 60 months imprisonment on Count II, for a total term of imprisonment of 76 months. On June 27, 2016, Defendant filed the pending 28 U.S.C. § 2255 motion.

## II. Conclusions of Law and Analysis.

### A. Standard of Review.

A district judge must make a de novo determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a reports and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### B. Whether the Magistrate Judge Erred in Concluding that Binding Second Circuit Precedent Precludes Defendant's Arguments.

Defendant's objection to the R & R focuses on the same issues raised in his § 2255 motion: first, that the Hobbs Act robbery charge in Count I underlying the Count II firearm charge fails to qualify as a crime of violence within the meaning of § 924(c)(3)(A); and second, that the residual clause of § 924(c)(3)(B) is

unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Accordingly, Defendant argues that Count II does not state an offense. The government opposed Defendant's motion, stating "*Hill* squarely rejected both arguments." (Doc. 53 at 2.)

In his eight page R & R, the Magistrate Judge carefully reviewed the factual and procedural history of the case as well as the arguments raised in Defendant's motion. The Magistrate Judge properly ruled that the Second Circuit foreclosed Defendant's assertion that a Hobbs Act robbery is not a crime of violence. *See Hill*, 832 F.3d at 144 (holding a "Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another[,]" even when the defendant utilizes indirect harm or threats, and therefore qualifies as a crime of violence pursuant to § 924(c)(3)(A)) (internal quotation marks omitted). The Magistrate Judge also properly observed that the Second Circuit refused to equate § 924(c), under which Defendant here was charged, to the residual clause in the Armed Career Criminal Act ("ACCA"), § 924(e)(2)(B)(ii). *See Hill* 832 F.3d at 148 (rejecting the argument that *Johnson* stands for the proposition that the risk-of-force clause is void for vagueness because "the language of the risk-of-force clause 'is distinctly narrower' than that in the residual clause, and in a manner that makes it easier to construe" and "contains no mystifying list of offenses").

Based on the foregoing, the Magistrate Judge correctly concluded that Defendant failed to meet his burden of establishing by a preponderance of the evidence any claim advanced in his § 2255 motion. The court finds the Magistrate Judge's conclusions well-reasoned and consistent with binding Second Circuit precedent.

## CONCLUSION

For the foregoing reasons, the court ADOPTS the Magistrate Judge's R & R (Doc. 55), DENIES Defendant's motion to vacate, and DISMISSES Defendant's § 2255 motion (Doc. 50).

3

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 8th day of March, 2017.

Christina Reiss, Chief Judge
United States District Court